UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| STEVE SHUBIN, et al., | No. C 15-01401 LB |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' REQUEST FOR ENTRY OF DEFAULT AGAINST SHAUL HAROSH** |
| v. | |
| FARINELLI FINE ANTIQUES CORP., et al., | [Re: ECF No. 26] |
| Defendants. | |

Steve Shubin and Kathy Shubin sued two individuals—Dorian Lisbona and Efraim Shoua—and two entities—Farinelli Fine Antiques Corporation and Shoua Lisbona LLC—for fraud-related claims arising out of the Shubins' purchases of art and antiques, which the Shubins allege are fake. (Complaint, ECF No. 1 at 6-46.[1]) The defendants answered the Shubins' claims and also filed counterclaims against the Shubins and another individual, Shaul Harosh. (Answer, ECF No. 4; Counterclaims, ECF No. 6.) The defendants say they served Mr. Harosh by mail on April 29, 2015, pursuant to Federal Rule of Civil Procedure 5(b)(2)(c).[2] (Request for Entry of Default, ECF No. 26;

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents

[2] In cases originally filed in state court but removed to federal court (like this one), federal law governs service of the summons and complaint on parties added after removal. 28 U.S.C. §

*see* Proof of Service, ECF No. 16.) Mr. Harosh has not responded to the counterclaims against him, so defendants now ask the Clerk of the Court to enter his default. (Request for Entry of Default, ECF No. 26.)

It is true that Rule 5 allows a defendant to serve counterclaims against an opposing party who is already in the action (such as the plaintiff) by regular mail. Fed. R. Civ. P. 5(b)(c) ("A paper is served under this rule by: . . . mailing it to the person's last known address—in which event service is complete upon mailing."); *see* Fed. R. Civ. P. 5(a)(1)(B) ("a pleading filed after the original complaint" must be filed under Rule 5). The problem here, though, is that Mr. Harosh is not the traditional counter-defendant like the Shubins are. Mr. Harosh was not a party to this action until the defendants named him in their counterclaims, so their counterclaims against him are akin to an original complaint, and service of an original complaint and summons is governed by Rule 4, not Rule 5. Indeed, summonses are not among the "papers" listed as being covered by Rule 5's service requirements. And a leading treatise states that the procedure for issuance and service of a summons on a counterclaim against a newly-named party is the same as that for a summons on an original complaint. *See* Cal. Prac. Guide: Fed. Civ. P. before Trial § 8:1264 (The Rutter Group 2015). Thus, given that Rule 5 is limited to service on existing parties and Rule 4 covers service on new parties, the court concludes that the defendants' attempt to serve Mr. Harosh by regular mail failed.

Nor does the defendants' mailing comply with other permissible methods of service. Rule 4(e) governs service on individuals. It states:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual

---

1448; Fed. R. Civ. P. 81(c); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). Mr. Harosh was added to this action by the defendants' counterclaims, which were filed after removal, so federal law governs service on him.

No. 3:15-cv-01401 LB
ORDER                                            2

        personally;

        (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

        (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, the defendants did not deliver a copy of the summons and complaint to Mr. Harosh personally; leave a copy of the summons and complaint at Mr. Harosh's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or deliver a copy of the summons and complaint to any agent of Mr. Harosh's. That means the defendants did not comply with Rule 4(e)(2).

    Rule 4(e)(1), though, says that the defendants can serve Mr. Harosh in accordance with California law. They did not, however. California law allows for five basic methods of service: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at party's usual residence or place of business with mailing afterward (i.e., "substitute service"), *see* Cal. Civ. Proc. Code § 415.20; (3) service by mail coupled with acknowledgment of receipt, *see* Cal. Civ. Proc. Code § 415.30; (4) service on persons outside the state by certified or registered mail with return receipt requested, *see* Cal. Civ. Proc. Code § 415.40; and (5) service by publication, *see* Cal. Civ. Proc. Code § 415.50. Here, the defendants say they mailed the summons and complaint to Mr. Harosh. California Civil Procedure Code § 415.30 sets forth the requirements for service by mail. It states:

    (a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice <u>and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender</u>.

    (b) The notice specified in subdivision (a) shall be in substantially the following form:
    . . .

    (c) <u>Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender</u>.

    (d) If the person to whom a copy of the summons and of the complaint are mailed pursuant to this section fails to complete and return the acknowledgment form set forth in subdivision (b) within 20 days from the date of such mailing, the party to whom the summons was mailed shall be liable for reasonable expenses thereafter

> incurred in serving or attempting to serve the party by another method permitted by this chapter, and, except for good cause shown, the court in which the action is pending, upon motion, with or without notice, shall award the party such expenses whether or not he is otherwise entitled to recover his costs in the action.
>
> (e) A notice or acknowledgment of receipt in form approved by the Judicial Council is deemed to comply with this section.

Cal. Civ. Proc. Code § 415.30 (emphasis added). The proof of service the defendants' filed does not say whether the counterclaims and summons were mailed in a way that required Mr. Harosh to acknowledge receiving the counterclaims and summons or whether Mr. Harosh in fact acknowledged receipt. Without those things, the mailing is not sufficient. Accordingly, the court finds that Mr. Harosh has not been properly served with the counterclaims and summons. The court therefore denies the defendants' request for entry of default against him.

**IT IS SO ORDERED.**

Dated: May 29, 2015

_____
LAUREL BEELER
United States Magistrate Judge